1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    POPPI METAXAS,                              Case No. 20-cv-01184-EMC

8                   Plaintiff,

9         v.                                     **ORDER RE STANDARD OF REVIEW**

10   GATEWAY BANK F.S.B., et al.,

11                  Defendants.

12

13

14                        I.        **INTRODUCTION**

15        Plaintiff Poppi Metaxas brought this case claiming entitlement to disability and termination

16   of employment benefits under the terms of the Supplemental Executive Retirement Plan ("the

17   Plan") obtained through her former employer, Defendant Gateway Bank, F.S.B. ("Gateway").

18   Docket No. 1.  The Plan is governed by the Employee Retirement Income Security Act of 1974

19   (ERISA), 28 U.S.C. § 1001, *et seq.*  Plaintiff seeks relief under ERISA §§ 502(a)(1)(B), (a)(3).

20   Docket No. 1.

21        Currently pending is Plaintiff's motion to supplement the administrative record.  Docket

22   No. 38.  To decide Plaintiff's motion, the Court must make a threshold determination regarding

23   the standard of review that applies to the merits of Plaintiff's action requesting review of

24   Defendants' decision to deny benefits to Plaintiff under the Plan.

25        For the following reasons, the Court determines that Defendants' decision to deny benefits

26   to Plaintiff under the Plan is reviewed for abuse of discretion.

27

28

United States District Court
Northern District of California

## II.   RELEVANT BACKGROUND

A.    Factual Background

The Plan states that its purpose "is to provide supplemental retirement benefits for certain key employees of Gateway Bank, F.S.B." Docket No. 41-2 ("Administrative Record" or "AR") at 23. The administration of the Plan is governed by the provisions in Article VII. *Id.* at 28-29. Accordingly, the "Plan shall be administered by an Administrative Committee which shall consist of not less than three persons appointed by the Board [of Gateway]" and the "Committee shall have the authority to make, amend, interpret, and enforce all appropriate rules and regulation for the administration of this Plan and decide or resolve any and all questions including interpretations of this Plan, as my arise in connection with the Plan." *Id.* at 28 (Plan § 7.1). "A majority vote of the Committee members constituting a quorum shall control any decision." *Id.* Furthermore, the "decision or action of the Committee in respect of any question arising out of or in connection with the administration, interpretation and application of the Plan and the rules and regulations promulgated hereinunder shall be final and conclusive and binding upon all persons having an interest in the Plan." *Id.* at 29 (Plan § 7.3).

The Plan sets out a claim procedure for "any person claiming a benefit, requesting an interpretation or ruling under the Plan, or requesting information under the Plan shall present the request in writing to the Committee which shall respond in writing as soon as practicable." *Id.* (Plan § 8.1). The decision on a claim, including review of the denial of a claim, rests with the Administrative Committee. *Id.* (Plan §§ 8.1-8.4). The Committee's "decision" regarding a claim for benefits "shall be in writing" and the Committee's "decisions on review shall be final and bind all parties concerned." *Id.* (Plan § 8.4).

B.    Procedural Background

Plaintiff filed this action on February 17, 2020. Docket No. 1. On October 5, 2021, Plaintiff filed a motion to supplement the administrative record. Docket No. 38. In order to address Plaintiff's motion to supplement the administrative record, the Court determined that it is necessary to decide a threshold merits question: what standard of review applies to Plaintiff's challenge to the denial of ERISA benefits? Docket No. 52. The Court ordered the parties to file

United States District Court
Northern District of California

1   supplemental briefing addressing the question.  *Id.*  The parties briefed the issue.  Docket Nos. 56,

2   57.

3                              **III.      ANALYSIS**

4          A district court reviews a challenge to an ERISA plan's denial of benefits de novo "unless

5   the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility

6   for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S.

7   101, 115 (1989).  The Ninth Circuit has held that the default standard of review in ERISA cases is

8   de novo and that the decision is reviewed for abuse of discretion only if discretion is

9   "'unambiguously retained'" by the plan administrator.  *Kearney v. Standard Ins. Co.*, 175 F.3d

10  1084, 1090 (9th Cir. 1999) (en banc) (*quoting Bogue v. Ampex Corp.*, 976 F.2d 1319, 1325 (9th

11  Cir. 1992)).  "Neither the parties nor the courts should have to divine whether discretion is

12  conferred." *Sandy v. Reliance Standard Life Ins. Co.*, 222 F.3d 1202, 1207 (9th Cir. 2000).

13  "[U]nless plan documents unambiguously say in sum or substance that the Plan Administrator or

14  fiduciary has authority, power, or discretion to determine eligibility or to construe the terms of the

15  Plan, the standard of review will be de novo." *Id.*

16         The Plan at issue here confers discretionary authority to the Committee to construe the

17  terms of the plan and determine eligibility for benefits, and, thus, the Court reviews Plaintiff's

18  appeal from denial of benefits for abuse of discretion.  *See Firestone*, 489 U.S. at 115; *Sandy*, 222

19  F.3d at 1207.  The Plan unambiguously confers discretionary authority to the Administrative

20  Committee by stating that the "Committee shall have the a*uthority to make, amend, interpret, and*

21  *enforce* all appropriate rules and regulation for the administration of this *Plan and decide or*

22  *resolve any and all questions including interpretations of this Plan*, as my arise in connection with

23  the Plan." AR at 28 (Plan § 7.1) (emphases added).  Any "decision or action of the Committee in

24  respect of any question arising out of or *in connection with the administration, interpretation and*

25  *application of the Plan*. . . shall be *final* and *conclusive* and *binding*." *Id.* (Plan § 7.3).  The Plan

26  expressly confirms that this wide grant of discretionary authority to the Administrative Committee

27  encompasses decisions regarding eligibility and entitlement claims for benefits.  "Any person

28  claiming a benefit. . . under the Plan" shall "present the request in writing to the Committee" and

3

1    the Committee's decision, including the Committee's "decisions on review" of any claim for

2    benefits under the Plan "shall be final and bind all parties concerned." *Id.* (Plan §§ 8.1-8.4)

3    (emphasis added).

4          The Ninth Circuit has held that similar language granting the authority to interpret plan

5    terms, resolve questions arising under the plan, and decide claims for benefits sufficient to confer

6    discretion on the administrator. *See, e.g.*, *Bergt v. Ret. Plan for Pilots Employed by Mark Air,*

7    *Inc.*, 293 F.3d 1139, 1142 (9th Cir. 2002) (finding grant of the "'power' and 'duty' to 'interpret

8    the plan and to resolve ambiguities, inconsistencies and omissions' and to 'decide on questions

9    concerning the plan and the eligibility of any Employee'" sufficient to confer discretion); *Grosz-*

10   *Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1159 (9th Cir. 2001) (finding discretion

11   where the plan gave the administrator "'the full, final, conclusive and binding power to construe

12   and interpret the policy under the plan . . . [and] to make claims determinations'"); *McDaniel v.*

13   *Chevron Corp.*, 203 F.3d 1099, 1107 (9th Cir. 2000) (holding that a plan conferred sufficient

14   discretion because the administrator "has the 'sole discretion to interpret'" plan terms and such

15   "interpretations 'shall be conclusive and binding'"); *Bendixen v. Standard Ins. Co.*, 185 F.3d 939,

16   943 & n.1 (9th Cir. 1999), *abrogated in part on other grounds by Abatie v. Alta Health & Life Ins.*

17   *Co.*, 458 F.3d 955, 966-69 (9th Cir. 2006) (finding language stating "'we have full and exclusive

18   authority to . . . interpret the Group Policy and resolve all questions arising in the administration,

19   interpretation, and application of the Group Policy'" along with a provision that "'any decision we

20   make in the exercise of our authority is conclusive and binding'" clearly conferred discretion);

21   *Jones v. Laborers Health & Welfare Trust Fund*, 906 F.2d 480, 481 (9th Cir. 1990) (discretion

22   conferred by language granting the administrator the "'power . . . to construe the provisions'" of

23   the plan and making such construction "'binding'").

24         The Plan here empowers the Administrative Committee to "interpret, and enforce" the

25   Plan, and to "decide or resolve any and all questions including interpretations of this Plan, as may

26   arise in connection with the Plan" through "final and conclusive and binding" decisions.  Plan §§

27   7.1-7.3.  Like the plans in *Grosz-Salomon, McDaniel*, *Bendixen*, and *Jones*, although the Plan here

28   does not use the words "eligibility for benefits," the Plan includes language that clearly

United States District Court
Northern District of California

1    encompasses the Committee's authority to make determinations regarding eligibility for benefits.

2    Here, the Plan grants the Committee far-reaching authority to decide "any question arising out of

3    or in connection with the administration, interpretation and application of the Plan," *id.* § 7.3, and

4    expressly states that the Committee issues "final and bind[ing]" decisions in response to "[a]ny

5    person claiming a benefit, requesting an interpretation or ruling under the Plan." *Id.* §§ 8.1, 8.4.

6    Accordingly, the Court finds that the Plan confers discretionary authority to construe the terms of

7    the Plan and to determine claims regarding eligibility for benefits to the Administrative

8    Committee, and, thus, the Administrative Committee's benefits determination must be reviewed

9    for an abuse of discretion.

10        Plaintiff's arguments to the contrary are not persuasive.  First, Plaintiff cites *Ingram v.*

11   *Martin Martietta Long Term Disability Income Plan*, 244 F.3d 1109, 1112-13 (9th Cir. 2001) to

12   argue that the Plan at issue here does not unambiguously confer discretion because it does not

13   expressly state that the Committee has discretion to make "benefit determinations" or to

14   "determine eligibility for benefits."  Docket No. 156 at 5.  No such "magic words" are required,

15   *Sandy*, 222 F.3d at 1207, where it is clear that the Plan grants the Committee "final and conclusive

16   and binding" authority to "resolve any and all questions" related to "the interpretation and

17   application" of the Plan, including to make "final and bind[ing]" decisions in response to "[a]ny

18   person claiming a benefit, requesting an interpretation or ruling under the Plan." *See* Plan §§ 7.3,

19   8.1-8.4.

20        Second, Plaintiff's observation that the Committee lacks authority over certain

21   determinations, such as whether an employee has had a "change in employment status," Docket

22   No. 56 at 5, does not negate the relevant fact that the Plan grants the Committee discretionary

23   authority to make final, binding and conclusive decisions and to interpret, apply and enforce the

24   Plan, including in response to "[a]ny person claiming a benefit. . . under the Plan."  Plan § 8.1.

25   Thus, Plaintiff's argument does not alter the relevant analysis and conclusion that the Committee

26   has discretion "to determine eligibility for benefits" under the Plan and "to construe the terms of

27   the plan." *Firestone Tire & Rubber Co*, 489 U.S. at 115.

28        Third, Plaintiff's supplemental brief raises, in passing and for the first time, the contention

5

1    that the Committee was not properly appointed and, thus, did not have proper authorization to

2    exercise discretion over Plaintiff's benefits claim.  Docket No. 56 at 6.  Plaintiff did not make such

3    an allegation in her complaint, nor does she point to anything in the record suggesting that she

4    raised this argument during the administrative process of pursuing her benefits claim.  To the

5    contrary, the record demonstrates that Plaintiff participated in the claims process before the

6    Committee, including appearing before the Committee at an appeal hearing and did so objecting to

7    the composition of the Committee.  Docket No. 41-6.  Similarly, in her supplemental brief,

8    Plaintiff claims for the first time that the Committee's decision on her request for review of the

9    denial of her benefits claim was untimely, and thus improper.  This claim is not raised in her

10   complaint or in her opening brief.  Even if the Court were to consider this argument

11   notwithstanding an arguable waiver thereon, Plaintiff has not shown that an untimely decision by

12   the Committee would change the applicable standard of review.  *Viad Corp. Supp'l Pension Plan v.*

13   *Nasi*, 586 F. App'x 451, 452 (9th Cir. 2014) ("[A]n administrator's procedural violations ordinarily

14   'do not alter the standard of review unless those violations are so flagrant as to alter the substantive

15   relationship between the employer and employee, thereby causing the beneficiary substantive harm.'")

16   (quoting *Gatti v. Reliance Std. Life Ins. Co.*, 415 F.3d 978, 985 (9th Cir. 2005)).

17          Fourth, to the extent that Plaintiff argues that the Plan's status as a "top hat plan" alters the

18   applicable standard of review, the Ninth Circuit has rejected this argument.  *See Sznewajs v. U.S.*

19   *Bancorp. Am. & Restated Supp'l Benefits Plan*, 572 F.3d 727, 734 (9th Cir. 2009), *abrogated in*

20   *part on other grounds by Salomaa v. Honda Long Term Disability Plan*, 637 F.3d 958, 965 (9th

21   Cir. 2011) ("We conclude that importing 'de novo' language into the standard of review simply

22   because the plan involved is a top hat plan would create unnecessary confusion.  We will therefore

23   continue to adhere to the framework established by the Supreme Court in *Firestone* and *MetLife*

24   for all covered plans, top hat or otherwise.").

25          Finally, Plaintiff contends that there was a "financial conflict of interest" that could have

26   influenced the Administrative Committee's decision as to Plaintiff's benefits claim.  Docket No.

27   56 at 4-5.  But the existence of a conflict of interest does not alter the standard of review. *Metro.*

28   *Life Ins. Co. v. Glenn*, 554 U.S. 105, 115 (2008); *Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d

917, 929 (9th Cir. 2012).  Instead, the alleged conflict of interest is a factor for the Court to consider when reviewing the decision for an abuse of discretion. *Glenn*, 554 U.S. at 115; *Stephan*, 697 F.3d at 929 ("While not altering the standard of review itself, the existence of a conflict of interest is a factor to be considered in determining whether a plan administrator has abused its discretion.").

## IV.     CONCLUSION

For the foregoing reasons, the standard of review that applies to the merits of Plaintiff's action requesting review of Defendants' decision to deny benefits to Plaintiff under the Plan is abuse of discretion.  Accordingly, the proceedings before this Court and generally limited to the administrative record, save and except evidence pertaining to any conflict of interest which may affect the level of deference accorded under abuse of discretion review.

**IT IS SO ORDERED**.

Dated: December 6, 2021

_____

EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

7