**MCGUIREWOODS LLP**
SABRINA A. BELDNER (SBN 221918)
Email: sbeldner@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA 90067-1501
Telephone: 310.315.8200 / Facsimile: 310.315.8210

SUMMER L. SPEIGHT *admitted pro hac vice*
Email: sspeight@mcguirewoods.com
800 East Canal Street
Richmond, VA 23219-3916
Telephone: 804.775.1000 / Facsimile: 804.775.1061

Attorney for Defendants Gateway Bank, F.S.B. and The Gateway Bank Supplemental Executive Retirement Plan

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Poppi Metaxas,<br><br>Plaintiff,<br><br>vs.<br><br>Gateway Bank, F.S.B., and The Gateway Bank Supplemental Executive Retirement Plan,<br><br>Defendants. | CASE NO. 3:20-cv-01184-EMC (JCS)<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE EXTRA-RECORD EVIDENCE**<br><br>Date: August 25, 2022<br>Time: 1:30 p.m.<br>Place: Via Zoom Videoconference<br><br>*Honorable Edward M. Chen* |

## I. INTRODUCTION

Under established Ninth Circuit precedent, this Court's decision on the merits must be limited to a review of the administrative record. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006). Since the materials Plaintiff now seeks to introduce as "evidence" are outside of the administrative record, they are not properly part of the record and should be stricken. This was the substance of the Magistrate Judge's Order denying Plaintiff's prior motion to supplement the record. (Dkt. # 70.)

Plaintiff concedes "that much of the evidence at issue here is the same" as she "previously proffered in her motion to supplement the administrative record." (Dkt. # 86, at 2.) Although she previously argued those exhibits should be included in the administrative record, given the failure of that tactic, Plaintiff now conveniently labels these exhibits as "Conflict of Interest" evidence. In other words, Plaintiff admits she tried (and failed) to get those exhibits into evidence earlier in this litigation, yet she now seeks a second opportunity to argue for their consideration by slapping another label on the same exhibits. The Court should reject Plaintiff's attempt to get another bite of the apple, and instead, should exercise its inherent power to control its docket and enforce its prior orders.

Plaintiff also fails to respond to numerous arguments in Defendants' Motion to Strike Extra-Record Evidence. For example, she fails to address Defendants' argument that Plaintiff's declaration should be stricken from the record because it contains "conclusions and arguments," rather than "only facts" as required by Civil Local Rule 7-5(b). As another example, she does not respond to Defendants' numerous arguments as to her speculative exhibits which lack foundation and otherwise are not competent evidence in this case. Plaintiff's failure to address all of Defendants' arguments to strike the record should be considered a waiver or abandonment of that issue. *See Linder v. Golden Gate Bridge*, 2015 U.S. Dist. LEXIS 101275, at *9 (N.D. Cal. Aug. 3, 2015) (citing *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011)) ("In most circumstances, failure to respond in an

opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.").

For these reasons, those stated in Defendants' Motion to Strike Extra-Record Evidence, and those that follow, the Court should strike the extra-record evidence (namely, the Declaration of Daniel Feinberg in Support of Plaintiff's Cross Motion for Summary Judgment and Exhibits 1 and 2 thereto (Dkt. # 78) and the Declaration of Mrs. Poppi Metaxas and Exhibits 1 through 14 thereto (Dkt. # 80-82)). In the end, the Court should not permit Plaintiff to circumvent the Court's prior Orders in this case on the appropriate standard of review and scope of the administrative record.

## II. ARGUMENT

### A. A Motion to Strike is the Proper Vehicle to Strike Extra-Record and Otherwise Inadmissible Evidence

Plaintiff argues that Rule 12(f) of the Federal Rules of Civil Procedure permits a court to strike only pleadings, thus shielding the declarations and exhibits she submits as "evidence" in her summary judgment brief. (Dkt. # 86, at 2.) According to Plaintiff, she is free to ignore the orders and rules of this Court by submitting inadmissible and previously rejected extra-record evidence as long as she does not do it in a pleading. Courts, however, have "inherent power" above and beyond Rule 12(f) to strike inappropriate materials from the docket, such as filings that fail to "compl[y] with court rules or orders." *Jones v. Metro. Life. Ins. Co.*, 2010 U.S. Dist. LEXIS 113219, at *16, 18 (N.D. Cal. Oct. 15, 2010).

This Court regularly considers and resolves motions to strike inadmissible record materials from its docket. *See, e.g.*, *ThinkVillage-Kiwi, LLC v. Adobe Sys.*, 2009 U.S. Dist. LEXIS 106687, at *20-21 (N.D. Cal. Nov. 16, 2009) (granting in part and denying in part motion to strike declarations and exhibits submitted in support of summary judgment motion); *Veliz v. Cintas Corp.*, 2009 U.S. Dist. LEXIS 39061, at *7-8 (N.D. Cal. Apr. 23, 2009) (granting motion to strike declaration and exhibit); *Rohnert Park Citizens v. United States DOT*, 2009 U.S. Dist. LEXIS 18953, at *13

(N.D. Cal. Mar. 5, 2009) (granting motion to strike exhibits submitted in connection with request for judicial notice); *Karuk Tribe of Cal. v. U.S. Forest Serv.*, 379 F. Supp. 2d 1071, 1088-89 (N.D. Cal. 2005) (granting motion to strike extra-record declarations on an Administrative Procedure Act review).

Here, too, the Court has the inherent power to strike the declarations and exhibits, which flout the Court's prior rulings, constitute inappropriate opinion or argument in violation of the Court's local rules, and/or are otherwise inadmissible.

### B. The Declarations and Exhibits Are Not Competent Conflict of Interest Evidence

Plaintiff now makes a belated attempt to label the declarations and exhibits all as "conflict of interest" evidence, which she argues can be considered by the Court. (Dkt. # 86, at 4.) She cites *Abatie* in support of this argument. (*Id.* at 3-4.) The *Abatie* court, however, instructed that while "[t]he district court *may, in its discretion*, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest; the decision *on the merits*, though, must rest *on the administrative record* once the conflict (if any) has been established, by extrinsic evidence or otherwise." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006) (emphasis added). Thus, under Ninth Circuit precedent, the Court's decision on the merits must be limited to a review of the administrative record.

Contrary to that precedent, Plaintiff attempts to use her declarations and exhibits to show a purported abuse of discretion, which she cannot do. *Aviation W. Charters, LLC v. UnitedHealthcare Ins. Co.*, 2017 U.S. Dist. LEXIS 190114, at *7-8 (E.D. Cal. Nov. 15, 2017) (declining to consider plaintiff's extra-record "declaration as evidence that defendant's decision qualified as an abuse of discretion or was otherwise incorrect"). Plaintiff's attempted use of the Feinberg Declaration and accompanying exhibits (Dkt. # 78, 78-1, & 78-2) constitutes the most flagrant example of this. She characterizes these documents as "perhaps the most telling evidence" of a conflict.

(Dkt. # 86, at 4.) But in reality, it is most telling that Plaintiff *does not even cite* the Feinberg Declaration or the accompanying exhibits in connection with her conflict of interest analysis. (*See* Dkt. # 77, at 24-30.) Instead, she cites to those documents when arguing the *merits* of her claim—i.e., that she is entitled to termination or disability benefits under the SERP. (*See* Dkt. # 77, at 7, 23-24.) Plaintiff now even concedes she seeks to use these documents as "evidence of abuse of discretion," in addition to conflict of interest. (Dkt. # 86, at 4.)[1] This is not permitted under *Abatie*.

As for the exhibits Plaintiff does reference in connection with her "Conflict of Interest Analysis" (Dkt. # 77, at 24-30), she fails to show that they relate to a purported conflict. Specifically, she relies on a 2009 OTS Order to Cease and Desist (Dkt. # 80-1), a 2011 OCC Consent Order (Dkt. # 80-2), and various excerpts from the Bank's financial statements between 2010 and 2016 (Dkt. # 80-3 to 80-6). She provides nothing more than conjecture that those 2009 to 2016 documents and the Bank's financial condition must have been on the minds of the Committees responsible for rendering the initial denial decision in February 2016 or the appeal decision in May 2017. She asks the Court to speculate that those documents somehow impacted the

---

[1] In addition, the cases Plaintiff cites in support of her argument that the Feinberg Declaration and accompanying exhibits should be considered in deciding abuse of discretion are distinguishable. (*See* Dkt. # 86, at 4 (citing *Medford v. Metro. Life Ins. Co.*, 244 F. Supp. 2d 1120, 1129 (D. Nev. 2003); *Brown v. Blue Cross & Blue Shield of Alabama, Inc.*, 898 F.2d 1556, 1569 (11th Cir. 1990); *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 871-72 (9th Cir. 2008))). The *Medford* decision follows precedent holding that a conflict of interest could change the applicable standard of review from abuse of discretion to de novo, *Medford*, 244 F. Supp. 2d at 1126-27, which has since been overruled. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008). Next, the *Brown* decision, which applied a heightened standard of review of a conflicted administrator's benefits decision, was also overruled implicitly by *Glenn*. *See Doyle v. Liberty Life Assurance Co. of Bos.*, 542 F.3d 1352, 1356, 1359 (11th Cir. 2008) (recognizing that *Brown* has been overruled in part by *Glenn*). Finally, the *Saffon* decision reaffirms "*Abatie's* teachings," which as discussed above do not permit extra-record evidence in ruling on the merits. *Saffon*, 522 F.3d at 868-89.

review process. But those exhibits simply do not relate to the Court's conflict of interest analysis and should not be considered.

Regarding Exhibits 8 and 9 to Plaintiff's Declaration (Dkt. # 82 & 82-1), Plaintiff states that these are not offered as calculations of benefits allegedly owed, but only as the impact an award of benefits would have had on the Bank's financial condition (Dkt. # 86, at 4). She concedes that any SERP benefit "calculation[s] will have to be taken up subsequently" in the event she prevails on her claim. (*Id.*) These statements cannot be reconciled with Plaintiff's own declaration.

Plaintiff's declaration describes Exhibit 8 as "My calculations regarding what the effects of granting the SERP benefits would [sic] been on the value of the Bank's total equity and the value of . . . shareholdings." (Dkt. # 80 ¶ 9.) She identifies Exhibit 9 as "My calculations of the value of past due SERP benefits." (*Id.* ¶ 10.) Both proffered exhibits assign purported liability for SERP benefits (Dkt. # 82 (listing purported "SERP Liability Calculation", "New Liability Amount," and "Claim Amount"); Dkt. # 82-1 (purporting to be benefit calculations and past due amounts)), which Plaintiff now concedes is speculative because those calculations must be taken up later in the event she prevails. These exhibits too must be stricken from the record as speculative and without foundation.

### C. Plaintiff Cannot Hide Behind Her Section 502(a)(3) Claim to Present Extra-Record Evidence

Plaintiff's argument that the extra-record materials in Exhibits 10 through 14 can be considered under her section 502(a)(3) claim also fails.

Extra-record evidence is *not* admissible for section 502(a)(3) claims like Plaintiff's that "arise from the written ERISA plan terms." *Wise v. MAXIMUS Fed. Servs., Inc.*, 478 F. Supp. 3d 873, 879 (N.D. Cal. 2020); *Colaco v. ASIC Advantage Simplified Pension Plan*, 301 F.R.D. 431, 435 (N.D. Cal. 2014); *see also Sides v. Cisco Sys.*, 2018 U.S. Dist. LEXIS 101696, at *4-5 (N.D. Cal. June 18, 2018). The *Smith* case on which Plaintiff relies in her opposition brief provides further support that

Plaintiff's section 502(a)(3) claim should be limited to the administrative record. (Dkt. # 86, at 5-6 (quoting *Smith v. I.A.T.S.E. Local 16 Pension Plan*, 2019 U.S. Dist. LEXIS 206452 (N.D. Cal. Nov. 26, 2019))). *Smith* provides: "If a plaintiff is *not seeking to enforce her rights under a plan* but rather claims that the plan itself violates a statutory provision of ERISA, exhaustion is not required." *Smith*, 2019 U.S. Dist. LEXIS 206452, at *8-9 (emphasis added). Because Plaintiff seeks to enforce rights under the Plan instead of under a separate statutory provision of ERISA, consideration of her section 502(a)(3) claim must be limited to the administrative record.

To the extent Plaintiff is attempting to change tactics yet again and reassert her claim for equitable relief based on a fiduciary breach as her Complaint alleges (i.e., a standalone violation of an ERISA statutory provision), her claim fails as a matter of law because fiduciary duties do *not* attach to top hat plans, such as the SERP. (*See* Dkt. 74, Part III.C.) To the extent she bases her section 502(a)(3) claim on an alleged failure to comply with plan terms and the breach of a contractual duty of good faith and fair dealing, Plaintiff's claim arises from the ERISA plan terms. *Wise*, 478 F. Supp. 3d at 879. Therefore, Plaintiff cannot use her section 502(a)(3) as another hook to get in the extra-record evidence that appears in Exhibits 10 through 14.

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court enter an Order striking (1) the Declaration of Daniel Feinberg in Support of Plaintiff's Cross Motion for Summary Judgment and Exhibits 1 and 2 thereto (Dkt. # 78); and (2) the Declaration of Mrs. Poppi Metaxas and Exhibits 1 through 14 thereto (Dkt. # 80-82).

DATED: August 18, 2022   **MCGUIREWOODS LLP**

By: / s / Summer L. Speight
Sabrina A. Beldner / Summer L. Speight
Attorney for Defendants, Gateway Bank, F.S.B. and The Gateway Bank Supplemental Executive Retirement Plan

# CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2022, **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE EXTRA-RECORD EVIDENCE** was filed electronically in the Court's Electronic Case Filing system ("ECF"); thereby upon completion the ECF system automatically generated a Notice of Electronic Filing ("NEF") as service through CM/ECF to registered e-mail addresses of parties of record in the case.

/s/ Summer L. Speight
Summer L. Speight, Esq.