UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POPPI METAXAS,<br><br>Plaintiffs,<br><br>v.<br><br>GATEWAY BANK, F.S.B., et al.,<br><br>Defendant. | Case No. 20-cv-01184-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Docket No. 127 |

    This is an ERISA denial of benefits case involving whether Plaintiff is entitled to benefits under the terms of a supplemental executive retirement plan. Plaintiff was the President and Chief Executive Officer for Defendant Gateway Bank prior to her disability and was a beneficiary of supplemental retirement benefits under it. Plaintiff brings against Defendant three claims of (1) a denial of benefits claims under ERISA §502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); (2) breach of duty of good faith under ERISA §502(a)(3), 29 U.S.C. § 1132(a)(3N); and (3) failure to produce required documents under ERISA §502(a)(1)(A), 29 U.S.C. § 1132(c).

    Now pending is the Defendant's motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Docket No. 119. For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion to dismiss the denial of benefits claim without prejudice with leave to amend. The Court **GRANTS** Defendant's motion to dismiss Plaintiff's claim for equitable relief with leave to amend. The Court **GRANTS** Defendant's motion to dismiss claim for failure to produce documents without prejudice and with leave to amend.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff's alleged facts are as follows. Plaintiff was President and CEO of Defendant Gateway Bank. Docket No. 113 ("SC") ¶ 8. In 2004, in return for Plaintiff's agreement to remain its CEO, Defendant agreed to increase Plaintiff's compensation by approximately $300,000 per year in the form of deferred compensation. *Id*. ¶ 9. Over the next seven years as part of the deferred compensation, Defendant purchased a $5 million life insurance policy ("Policy") from an insurance company, NY Life, on Plaintiff's life that would fund a customized Supplemental Executive Retirement Plan ("PLAN."). The PLAN started in January 2005.

The PLAN offered Disability and Termination benefits to certain key employees of the Bank, including Plaintiff. *Id*. ¶ 18. Around the inception of the PLAN, Defendant created three accounts in its general ledger that related to the accounting of Defendant's PLAN benefit obligation to Plaintiff and/or Plaintiff's deferred compensation used to purchase the Policy. *Id*. ¶ 20. As of March 2010, Defendant's general ledger carried a liability for Plaintiff's PLAN benefits of $1,236,448.04. *Id*. ¶¶ 26. As of June 2010, the cash value of the Policy was $1,867,581. *Id*. ¶¶ 26, 27. In April 2010, Defendant derecognized the accrued liability of Plaintiff's PLAN benefit on the Defendant's general ledger. *Id*. ¶ 28. The value of PLAN benefits ($1,236,448.04) added to Defendant's general ledger and increased Defendant's capital. *Id*. ¶ 29.

In March 2013, Plaintiff filed a claim for Disability and Termination benefits to Defendant. *Id*. ¶ 37. On February 25, 2016, Defendant denied Plaintiff's claim. *Id*. ¶ 38. During the pendency of her claim, Plaintiff requested multiple times that Defendant produce certain documents to which she was entitled pursuant to ERISA, the applicable Department of Labor regulations, and the terms of the PLAN. *Id*. ¶ 39. In August 2016, Plaintiff appealed Defendant's denial. In May 2017, Defendant's Administrative Committee upheld the decision to deny Plaintiff's benefit. *Id*. ¶¶ 40-41.

In February 2020, Plaintiff filed an initial Complaint in this court seeking plan benefits pursuant to ERISA §502(a)(1)(B) and equitable relief pursuant to ERISA §502(a)(3). *Id*. ¶ 42. In August 2022, the Court issued an order at summary judgment remanding the matter to Defendant's Plan Administrator for reconsideration of whether Plaintiff is entitled to benefits

under the terms of the PLAN. Docket No. 90. In March 2023, Defendant's Administrative Committee, after reconsidering Plaintiff's claim for Termination benefit, under Section 5.3(b) of the PLAN, found she was entitled to $9.252.95 per month since Plaintiff's retirement date on May 1, 2013. *Id.* ¶ 62.

In May 2023, Plaintiff again filed an appeal of Administrative Committee decision that addressed (1) the correct amount of past and future benefits due, which she argues should be at least $19,626.16 per month; (2) interests on back benefits due for the past thirteen years; and (3) the failure to produce documents and information relevant to Plaintiff's claim. *Id.* ¶¶ 63, 75. In June 2023, Defendant issued checks for the benefits, although various taxes were withheld on the checks and Defendant allegedly failed to specify withholding information as require by California Labor Code § 226, *et seq. Id.* ¶ 65.

Then, in March 2024, the Court reopened the case pursuant to Rule 60(b)(6) and granted Plaintiff leave to amend to file a Supplemental Complaint. Docket No. 112. Plaintiff's Supplemental Complaint addresses post-remand issues. Plaintiff now bring three claims against Defendant: (1) failure to pay benefits due in violation of ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); (2) equitable relief from breach of duty of good faith under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and (3) failure to produce documents under ERISA § 502(a)(1)(A), 29 U.S.C. § 1132(c). *See* SC. Plaintiff seeks damages, equitable damages and punitive damages. *Id.* ¶¶ 18-19. Defendant now moves to dismiss the SC under Fed. R. Civ. P. 12(b)(6). *See* Docket No. 119 ("Mot.").

## II.     LEGAL STANDARD

A.     Failure to State a Claim (Rule 12(b)(6))

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). To overcome a Rule 12(b)(6) motion to dismiss after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), a plaintiff's "factual allegations [in the complaint] 'must. . . suggest that the

3

1  claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th
2  Cir. 2014). The Court "accept[s] factual allegations in the complaint as true and construe[s] the
3  pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire &*
4  *Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But "allegations in a complaint . . . may not
5  simply recite the elements of a cause of action [and] must contain sufficient allegations of
6  underlying facts to give fair notice and to enable the opposing party to defend itself effectively."
7  *Levitt*, 765 F.3d at 1135 (quoting *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d
8  990, 996 (9th Cir. 2014)). "A claim has facial plausibility when the Plaintiff pleads factual
9  content that allows the court to draw the reasonable inference that the Defendant is liable for the
10 misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a
11 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted
12 unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

A.  Claim 1: PLAN Benefit

ERISA § 502(a)(1)(B) provides that a plan participant may bring a civil action "to recover benefits due to him under the terms of his plan; to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). To state a claim for denial of benefits under ERISA, a plaintiff must allege plausible facts showing they were owed benefits under the …Plan. This requires a plaintiff to allege (1) the existence of an ERISA plan, and to identify (2) "the provisions under the plan that entitle [them] to benefits." *Doe One v. CVS Pharmacy, Inc.,* 384 F. Supp. 3d 967, 992 (N.D. Cal. 2018) (citing *B.R. v. Beacon Health* Options, No. 16-cv-04576-MEJ, 017 U.S. Dist. LEXIS 194501, 2017 WL 5665667, at *3 (N.D. Cal. Nov. 27, 2017)). *See also Steelman v. Prudential Ins. Co. of Am.* 2007 U.S. Dist. LEXIS 30149 (E.D. Cal. Apr. 4, 2017) (Ruling that a plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question.). A plan is established if a reasonable person "can ascertain the benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982).

4

1  Here, Plaintiff clearly has stated a claim for denial of benefits under ERISA for two
2  reasons. First, her allegations sufficiently establish both the existence of an ERISA plan and
3  identify the relevant provisions. Plaintiff alleges that "the Gateway Bank Supplemental Executive
4  Retirement Plan (hereinafter the "SERP" of the "PLAN") was an employee benefit plan within the
5  meaning of ERISA § 3(1) (29 U.S.C. §1002(1)), sponsored by Defendant Gateway…" SC ¶ 5.
6  She then alleges that the PLAN offered Plaintiff Disability and Termination benefits, *id.* ¶¶ 18-19,
7  that she filed a claim for Disability and Termination benefits in March 2013, and that Defendant
8  denied her claim in February 2016. *Id.* ¶¶ 37-38.

9  In contrast, in *Doe One v. CVS Pharmacy Inc.,* 348 F. Supp. 3d 967, 993 (N.D. Cal. 2018),
10 *aff'd in part, vacated in part, remanded sub nom, Doe v. CVS Pharmacy, Inc.,* 982 F.3d 1204 (9th
11 Cir. 2020), this Court dismissed a denial of benefits claim because plaintiffs failed to identify any
12 specific term in their plan that conferred the benefits they were allegedly denied. There, Plaintiff
13 argued in broad language that they were "entitled to prescription medication benefits under the
14 terms of their plan," but they were unable to point to any allegations specifying which term under
15 the plan entitled them to such a benefit. *Id.* at 992. *See also Black v. Greater Bay Bancorp Exec.*
16 *Supplemental Comp. Benefits Plan,* No. 16-cv-00486-EDL, 2016 U.S. Dist. LEXIS 197555, 2016
17 WL 11187255, at *19 (N.D. Cal., July 25, 2016) (finding that although the plaintiff referred to
18 general plan summary and other broad allegations on violating plan terms, their allegation was
19 insufficient to support their benefit claim because they failed to allege specific provision of the
20 plan.); *Forest Ambulatory Surgical Assocs., L.P. v. United Healthcare ins. Co.,* No. 10-CV-
21 04911-EJD, 2011 WL 2748724, at*15 (N.D. Cal. July 13, 2011) ("[C]onclusory allegations are
22 insufficient to meet the Twombly and Iqbal pleading standards … allegations must be sufficient to
23 raise the existence of an ERISA plan above [a] speculative level.").

24 Unlike the broad, conclusory allegations of a denial of benefits in *Doe One, Black,* and
25 *Forest Ambulatory,* here, Plaintiff has identified not only the Gateway Bank Supplemental
26 Executive Retirement Plan (the "PLAN") but also specifically the Disability and Termination
27 benefits provisions within the PLAN under Section 5.3(b) of the PLAN and alleges that those
28 provisions entitle her to benefits. SC ¶ 62.

5

Section 5.3(b) reads:

> if a Participant's employment terminates prior to the participant's Retirement Date under any other circumstances that those described in section 5.3(a) (employment terminates for Good Reason within twenty-four months following a Change in Control), the benefit payable, in lieu of any other benefit under this Article V, shall be the Participants' Accrued Benefit determined on the date of termination.

Therefore, Plaintiff successfully alleges the PLAN term that entitles her of Termination Benefits.

Secondly, the Defendant's PLAN Administrative Committee even found on remand that Plaintiff was entitled to Termination benefits under Section 5.3(b) of the PLAN in the amount of $9,252.95 per month commencing on her retirement date of May 1, 2013. SC ¶ 62. Defendant was clearly aware of a specific provision that entitled Plaintiff to benefits and conceded that she was entitled to a specific amount. Thus, it is simply implausible that Defendant was not on notice of Plaintiff's claim that she is entitled to relief under the PLAN.

Plaintiff also alleges that she is entitled to (1) improper tax withholding, (2) interest on all back benefits due, (2) financial costs as a result of having the benefit withheld, and (3) the amount of increased taxes she will have pay due to having the benefit withheld for thirteen-years. SC ¶ 75 (E)—(H). However, Plaintiff fails to allege any PLAN terms or statute that entitles her to interest and tax withholding on top of the PLAN benefits, and thus she does not sufficiently plead the benefits claim. *See Kopelev v. Boeing Co.,* No. LACV 20-05805-VAP (KSx), 2021 U.S. Dist. LEXIS 110104 (C.D. Cal. June 9, 2021) (dismissing plaintiff's claim for benefits because plaintiff has not cited any authority to show, nor is the Court aware of any, that the recovery of a tax withholding is a Plan "benefit" to which she is entitled as a beneficiary.)

Therefore, the Court DENIES IN PART dismissal of Plaintiff's claim for PLAN benefit. The Court GRANTS dismissal of Plaintiff's claim to interest and tax withholding with leave to amend. Plaintiff should amend her complaint to include statutory basis, ERISA provision, or PLAN terms that entitles her to the interest and tax withholding benefits on top of the Termination Benefit.

B. Claim 2: Equitable Relief

Plaintiff also seeks equitable relief for Defendant's alleged breach of duty of good faith under ERISA § 502(a)(3) and the general good faith standard under contract law. Here, Plaintiff seeks an equitable lien on Defendant's general assets; a constructive trust on the cash value of the New York Life Insurance Policy which informally funds the SERP; an order requiring Defendant to "properly account for all SERP related funds"; an injunction to prevent Defendant from altering the New York Life Insurance Policy; the appointment of an independent trustee to administer the SERP; disgorgement of profits from derecognition and elimination of SERP liability; interest and financing costs; and a monetary award in the amount of increased taxes she must pay associated with SERP benefits. SC ¶ 95(1)-(8)).

ERISA §502(a)(3) states:

> A civil action may be brought… (3) by a participant, beneficiary, or fiduciary (A) …or (B) to obtain other appropriate equitable relief (i) to redress [any act or practice which violates any provision of Title I of ERISA or the terms of the plan]
> or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3). § 502(a)(3) does not, however, "authorize 'appropriate equitable relief' at large, but only 'appropriate equitable relief' for the purpose of 'redress[ing any] violations or . . . enforc[ing] any provisions of ERISA or an ERISA plan.'" *Harris Tr. & Sav. Bank v. Salomon Smith Barney, inc.,* 530 U.S. 238, 246 (2000).

Plaintiff's claim of equitable relief fails for the reasons below.

1. Fiduciary Duties

Plaintiff first alleges that Defendant owed her a duty of good faith and fair dealing under the express terms of the PLAN because Defendant is a party to the PLAN Agreement, the plan sponsor, plan administrator, and fiduciary of the Gateway Bank and shareholders. SC ¶ 78. However, Plaintiff concedes that as a "top-hat" plan, the PLAN is exempted from ERISA fiduciary duties. Oppo. at 9. *See also Gilliam v. Nevada Power Co.,* 488 F.3d 1189, 1193 ("Top-hat plans form a rare sub-species of ERISA plans, and Congress created a special regime to cover them."). A top-hat plan is a plan "which is unfunded and is maintained by an employer primarily

7

1  for the purpose of providing deferred compensation for a selected group of management or highly
2  compensated employees." ERISA § 401(a), 29 U.S.C. § 1001(a); *Gilliam v. Nevada Power Co.,*
3  488 F. 3d 1189, 1192-93 (9th Cir, 2007).  ERISA exempts such plans "from the
4  fiduciary, funding, participation, and vesting requirements applicable to other employee benefit
5  plans." *Duggan v. Hobbs,* 99 F.3d 307, 310 (9th Cir. 1996); 29 U.S.C. § 1001(a).
6    The first question is whether the Plaintiff can bring an ERISA claim against a non-
7  fiduciary.  *Harris Trust & Sav. Bank v. Salomon Smith Barney,* Inc., 530 U.S. 238, 245-57 (2000)
8  holds that plaintiff can bring an ERISA § 502(a)(3) claim against a non-fiduciary who knowingly
9  participates in the fiduciary's violation of ERISA, but its liability is limited to appropriate
10  equitable relief.  *See id*; *See also LD v. United Behavioral Health*, 508 F. Supp. 3d 583 (N.D. Cal.
11  2020) (finding that a nonfiduciary defendant who knowingly participated in the fiduciary
12  defendant's action in misleading plaintiff's health insurance calculation as a proper defendant for
13  plaintiff's equitable relief claim pursuant to ERISA §502(a)(3).).
14    Here, the PLAN fiduciary is the administrative committee of Gateway.  *See* Docket No.
15  119-2 at PDF 10, Exh. 1, Section 7.1 ("SERP is administered by an Administrative Committee
16  consisting of no less than three persons appointed by the Board of Directors of Gateway Bank.").
17  However, since the administrative committee consist of no less than three persons appointed by
18  Defendant's Board, given the overlap in membership, Defendant arguably was aware of the
19  Administrative Committee's conduct and their breach of the PLAN term.  *Id*.  The Court assumes
20  *arguendo* that the knowledge element of non-fiduciary duty is met.  However, for the reason set
21  forth below, no ERISA claim for equitable relief against Defendant is stated
22    To state a § 502(a)(3) claim against a non-fiduciary, Plaintiff must allege that Defendant
23  (1) commit a remediable wrong, i.e., that the plaintiff seeks relief to redress a violation of ERISA
24  or the terms of the plan, and (2) the relief sought is appropriate equitable relief. *Gabriel v. Alaska*
25  *Elec. Pension Fund,* 773 F.3d 945, 954 (9th Cir. 2014); *Gamino v. Spcp Grp., LLC*, No. 5:21-cv-
26  01466-SB-SHK, 2022 U.S. Dist. LEXIS 21799, at*9 (C.D. Cal. Feb. 2, 2022).  Plaintiff has
27  successfully alleged the remediable wrong.  However, she fails to establish that the relief she seeks
28  is an appropriate equitable relief against a non-fiduciary.

8

### a. Remediable wrong

As for the first element, Plaintiff adequately alleged a violation of ERISA and specifically identified the relevant provisions in the PLAN that entitle her to benefits, for the reasons stated earlier.

### b. Appropriate equitable relief

As for the second element, "appropriate equitable relief" refers to "those categories of relief that traditionally (*i.e.,* prior to the merger of law and equity) were typically available in equity." *CIGNA Corp.v. Amara*, 563 U.S. 421 (2011). The Supreme Court has identified three traditional equitable remedies that may be available under § 502(a)(3): (1) reformation of the terms of the plan when there is evidence of a mistake of fact or law that affected the terms of the instrument, (2) equitable estoppel holding the fiduciary to "what it had promised" and the person entitled to benefits "in the same position he would have been in had the representations been true," and (3) surcharge or monetary "compensation." *Id*. at 443.

Here, Plaintiff seeks additional monetary relief beyond the PLAN benefits. What she seeks amounts to an equitable surcharge against Defendant to compensate her for the financial losses over and above her PLAN benefit as the consequence of Defendant's breach. SC ¶ 93. Equitable surcharge is relief in the form of monetary "compensation" for a loss resulting from a trustee's breach of duty or to prevent the trustee's unjust enrichment – essentially what Plaintiff seeks here. *CIGNA Corp.v. Amara*, 563 U.S. at 442 (2011). Unjust enrichment occurs when a trustee (or a fiduciary) gains a benefit by breaching his or her duty. *Gabriel v. Alaska Elec. Pension Fund,* 773 F.3d 945, 958 (9th Cir. 2014). However, a claim for equitable surcharge lies only against a fiduciary. As noted in *Amara.*, where the plan participants sues a defendant who was not a trustee, the asserted "make-whole relief" (otherwise characterized as a surcharge) constitutes compensatory damages which "traditionally speaking, was legal, not equitable, in nature." *CIGNA Corp.v. Amara*, 563 U.S. at 442 (2011); *See Mertens v. Hewitt Associates*, 508 U.S. 248, 250, 262-63 (1993) (finding that ERISA does not authorize suits for money damages against non-fiduciaries who knowingly participate in a fiduciary's breach of fiduciary duty,

1    because plaintiff sought legal relief (compensatory damage) instead of appropriate equitable
2    relief).
3        Plaintiff also alleges that she is entitled to interest, financial costs, and compensation for
4    the increased taxes due to the withheld benefit. SC ¶ 95 (7), (8). However, the statutory provision
5    explicitly authorizing a beneficiary to bring an action to enforce his rights under the plan—§
6    502(a)(1)(B)—says nothing about the recovery of extracontractual damages, even if there is a
7    delay in processing a disputed claim. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134,
8    105 (1985).
9        Plaintiff tries to allege that even without a fiduciary duty, Defendant still owes her a
10   general duty of good faith under contract law. Oppo. at 10, 11. She cites *Buster v. Comp. Comm,*
11   *of the Bd. Of Dirs. Of Mechanics Bank* 2016 WL 4492577 (N.D. Cal. 2016) (finding that although
12   the defendant had no fiduciary duties to the plaintiff, plaintiff's equitable relief claim stands
13   because defendant's breach of contract thus breached the general duty of good faith in contract
14   law.). However, *Buster* is distinguishable. *Id*. In *Buster*, the plaintiff sought equitable
15   reformation and estoppel regarding the retirement agreement the defendant made. *Id*. at 11. This
16   Court granted the relief because they found the Agreement was misrepresented and the defendant
17   "cheat[ed] a retiree." *Id*. at 14.
18       Here, Plaintiff does not allege any misrepresenting or misleading action in the PLAN from
19   Defendant, and Plaintiff seeks equitable surcharge, instead of reformation and estoppel. In the
20   Supplemental Briefing, Plaintiff failed to provide additional cases that support her use of duty of
21   good faith in contract law for top-hat plans under ERISA sufficient to support a claim for
22   equitable relief as sought here. Docket No. 126. ("SP"). Therefore, the duty of good faith is not
23   an appropriate basis to grant an equitable surcharge.
24       The Court GRANTS Defendant's motion to dismiss the claim for equitable relief with
25   leave to amend. Plaintiff may amend the complaint to assert other equitable relief, if applicable.
26   C.   <u>Claim 3: Failure to produce required documents</u>
27       Plaintiff seeks penalties under ERISA § 502(a)(1)(A) [§ 1132(c)(1).]
28       Section 502(a)(1)(A) reads:

United States District Court
Northern District of California

> A civil action may be brought . . . by a participant or beneficiary . . . for the relief provided for in subsection (c) of this section.

Section 502(c) allows a court in its discretion to provide penalties against any administrator "who fails to . . . comply with a request for any information which such administrator is required by this subchapter to furnish to a participant . . . in the amount of up to $100 a day from the date of such failure or refusal." 29 U.S.C. § 1132(c); *see also Kurisu v. Svenhard Swedish Bakery Supplemental Key Mgmt. Ret. Plan*, No. 20-cv-06409-EMC, 2021 U.S. Dist. LEXIS 142823, at*25 (N.D. Cal. July 30, 2021). Further, a valid request for documents under Section 502(c) must give the plan administrator "clear notice of what information the beneficiary desires." *Anderson v. Flexel, Inc.*, 47 F.3d 243, 248 (7th Cir. 1995).

Here, Plaintiff alleges that Defendant failed to produce the documents she requested, including documents regarding Defendant's merger with Royal Business Bank, further evidence for the SERP Committee's review of her benefits claim, and other relevant documents. SC ¶¶ 46-7, 50. Plaintiff alleges that Defendant produced three (3) of the documents requested, but she failed to specify what they were. *Id*. at 52. Defendant makes two counterarguments. First, they are not the proper defendant, and second, Plaintiff does not allege they improperly withheld plan documents in violation of ERISA. *See* Mot. at 13-5.

1. Proper Defendant

Defendant argues that it is not a proper party under Section 502(c) because the company is not an administrator of the PLAN. Mot. ¶ 14.

Penalties under Section 502(c)(1) can only be asserted against the Plan Administrator. *Sgro v. Danone Waters of N. Am., Inc*., 532 F.3d 940, 945; *see also Moran v. Aetna Life Ins. Co.*, 872 F.2d 296, 299 (9th Cir. 1989) (finding that court should strictly apply § 502(c) statutory penalties to those who fall within the explicit definition of plan administrator.).

ERISA defines a plan administrator as:

> (i)the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

11

29 U.S.C. § 1002(16)(A); *Castillo v. Cmty. Child Care Council of Santa Clara Cnty., Inc.*, No. 17-cv-07243-SVK, 2018 U.S. Dist. LEXIS 88061, at*32 (N.D. Cal. May 24, 2018). An "administrator" is typically the person or entity designated as such in the documents governing the ERISA plan. ERISA § 3(16), 29 U.S.C. § 1002(16). Further, The Ninth Circuit has "effectively closed the door" on claims asserting liability based on the defendant being a de facto administrator –a party not named in the plan as an administrator but exercises administrative functions regarding the plans. *Ford v. MCI Commc'ns Corp. Health & Welfare Plan*, 399 F.3d 1076, 1081-82 (9th Cir. 2005). When plans have designated administrators, courts have rejected extending plan administrator liability beyond that designated administrator. *See e.g. Castillo v. Cmty. Child Care Council of Santa Clara Cty., Inc.*, No. 17-cv-07243-SVK, 2018 U.S. Dist. LEXIS 88061, at *34 (N.D. Cal. May 24, 2018).

The PLAN documents clearly state the PLAN administrator is the administrative committee consisting of more than three Board-appointed persons. Docket No. 119-2 at PDF 10, Exh. 1, Section 7.1 ("SERP is administered by an Administrative Committee consisting of no less than three persons appointed by the Board of Directors of Gateway Bank."). *See Fenwick v. Merril Lynch & Co.,* 2007 U.S. Dist. LEXIS 15122 at *6-7 (D. Conn.) (finding that named companies were not proper defendants because the plan "unambiguously designates the Committee as the plan administrator").

The Court GRANTS Defendant's motion to dismiss the claims against Defendant without prejudice and gives Plaintiff leave to amend the complaint to name the proper defendant.

2.      Plaintiff's Request

Plaintiff alleges that Defendant failed to produce requested documents relevant to the PLAN and Plaintiff's benefits in violation of ERISA § 502(c).

ERISA provides remedies for a plan administrator's failure to comply with a request by a participant or a beneficiary for certain plan information. ERISA § 502(a)(1)(A), (c), 29 U.S.C. § 1132(a)(1)(A), (c). Specifically, a plan administrator has thirty days to respond to the written request of a plan participant or beneficiary to furnish a copy of the latest summary plan description

12

1   or other plan documents.  ERISA also requires plan administrators to furnish with a plan

2   participant or beneficiary a statement of accrued benefits if they request one in writing.  ERISA §

3   105(a), 29 U.S.C. § 1021(a).  Failure to respond to a written request for such information can

4   subject an employer to a fine of $ 110 for each day that the employer fails to respond.  29 C.F.R. §

5   2575.

6        As an initial matter, the Court thus does not consider Plaintiff's requests made three years

7   before the filing of the initial complaint in February 2020 because they fall outside the statute of

8   limitations.  ERISA contains no limitations period for actions to recover penalties for failure to

9   furnish plan documents under § 502(c), 29 U.S.C.A. § 1132(c).  *Wilson v. Garcia,* 471 U.S. 261,

10  266–67 (1985).  Federal courts have therefore borrowed state limitations periods for penalties that

11  are created by statute.  The court in California, an ERISA § 502(c) claim has a three-year statute of

12  limitations.  *Anderson v. Intel Corp. Inv. Policy Comm.*, 602 F. Supp. 3d 1238 (N.D. Cal. 2022)

13  (finding that a three-year limitations period, by contrast, applies to actions "upon a liability created

14  by statute, other than a penalty.").  Cal. Civ. Proc. Code § 338(a).  Plaintiff does not contest the

15  statute of limitations in the Opposition.  *See* Oppo.

16       Next, Plaintiff made three requests in 2022 to Defendant for documents regarding (1)

17  Gateway's merger with Royal Business Bank as it relates to what entity would be liable to

18  Plaintiff for her benefits due, (2) information relating to various insurance claims of Gateway, and

19  (3) unspecified documents that are "relevant to her claims."  *See* SC ¶¶ 47-50.

20       However, Plaintiff fails to allege a specific ERISA provision that requires Defendant to

21  produce the requested documents.  In *LD v. United Behavioral Health*, this Court dismissed the

22  plaintiff's claim under § 502(c) because although the plaintiff cited the disclosure requirement of

23  29 U.S.C. § 1024(4) and 1022, his request that defendants disclose their methodology to calculate

24  reimbursements did not fall within that provision or any other alleged provision.  2020 U.S. Dist.

25  LEXIS 155224 at *13-14 (N.D. Cal. Aug. 26, 2020).  There, the alleged ERISA disclosure

26  provisions § 1024(4) and 1022 required a plan administrator to disclose, upon request, a summary

27  plan description and other plan documents such as an annual report, a terminal report, a bargaining

28  agreement, a trust agreement, contract, or other instrument under which the plan is established or

1 operated. *Id.*

2 Here, Plaintiff has alleged that Section 8.3 of the PLAN provides that a claimant may

3 examine "pertinent documents." SC ¶ 98.

4 Section 8.3 reads:

> Any person whose claim or request is denied or who has not received a response within 30 days may request a review by notice given in writing to the Committee. The claim or request shall be reviewed by the Committee who may, but shall not be required to, grant the claimant a hearing. On review, the claimant may have representation, examine the pertinent documents, and submit issues and comments in writing.

However, Plaintiff does not allege any specific ERISA provision that requires Defendant to disclose the documents she requested besides the PLAN term, and the PLAN term did not include any reference to ERISA. *Id*. Plaintiff is therefore given leave to amend her complaint to allege a specific ERISA provision that requires Defendant to disclose the information she requested about Gateway's merger with Royal Business Bank and which entity would be liable to her for benefits due.

To the extent that Plaintiff alleges Defendant failed to disclose additional requested documents that are "relevant to her claim," (SC ¶ 46), she is also given leave to amend her complaint to allege with further specificity the types of documents she requested and the specific ERISA provision that would govern the disclosure of those documents. *See* 29 U.S.C. § 1024(a)(6) (Providing that an administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.). *See also* 29 CFR § 2520.104b-1. (Providing that the plan administrator must furnish certain material to individual participants and beneficiaries upon their request, plan summaries, the latest annual report, and the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated available at all times in their principal offices.).

Therefore, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for failure to produce ERISA required documents with leave to amend. Plaintiff has not sufficiently alleged

14

that Defendant is the PLAN administrator but should be given leave to amend the complaint to name the proper defendants.  Plaintiff has also not sufficiently alleged that she requested Defendant to provide documents which are required to be disclosed under ERISA, but should be given leave to amend the complaint to identify documents requested and which specific ERISA provision governs each such request.

## IV.     CONCLUSION

For the reasons above, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion to dismiss the denial of benefits claim with leave to amend.  It also **GRANTS** Defendant's motion to dismiss the claim for equitable relief with leave to amend.  The Court **GRANTS** Defendant's motion to dismiss the breach of the duty of good faith in contract claim with leave to amend. The Court **GRANTS** Defendant's motion to dismiss the claim for failure to produce ERISA required documents with leave to amend.

**IT IS SO ORDERED**.

Dated: July 18, 2024

_____
EDWARD M. CHEN
United States District Judge

15