United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

POPPI METAXAS,
Plaintiff,
v.
GATEWAY BANK, F.S.B., et al.,
Defendants.

Case No. 20-cv-01184-EMC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND PREJUDGMENT INTEREST**

Docket No. 179

## I. INTRODUCTION

Plaintiff Poppi Metaxas filed this case against her former employer Defendant Gateway Bank, F.S.B. ("Gateway"). Docket No. 1. The Court found in favor of Ms. Metaxas on the claim for termination benefits and in favor of Gateway on the claim for disability benefits. Docket No. 90 ("SJ Order 1"). The Court remanded to Gateway's Supplemental Executive Retirement Plan Administrative Committee, who, upon reconsideration, determined that Ms. Metaxas's termination benefit totaled $9,252.95 per month. Ms. Metaxas again challenged her monthly termination benefit. Docket No. 113. The Court concluded that Gateway did not abuse its discretion in calculating the $9,252.95 monthly benefit. Docket No. 176 ("SJ Order 2"). Ms. Metaxas now moves for attorney's fees totaling $569,505 pursuant to 29 U.S.C. § 1132(g) and prejudgment interest compounded at 10% per annum.

For the following reasons, the Court **GRANTS in PART** and **DENIES in PART** Ms. Metaxas's Motion for Attorney's Fees and Prejudgment Interest in the amount of $2,480 in attorney's fees and an amount of prejudgment interest to be determined by parties' submitted calculation.

## II. BACKGROUND

Starting in 1998, Ms. Metaxas was employed as President and CEO of Gateway as an at-will employee serving at the pleasure of the Board. SJ Order 1, at 4. She was the only participant in Gateway's Supplemental Executive Retirement Plan ("SERP" or "Plan"), which provides retirement, disability, or termination benefits subject to the Plan's terms and conditions. *Id.* at 2. The Plan is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001. *Id.* at 1.

In 2010, the Office of Thrift Supervision ("OTS") determined that Ms. Metaxas had engaged in fraudulent transactions on behalf of Gateway. *Id.* at 4. The Board suspended Ms. Metaxas without pay pending further investigation of the matter. *Id.* at 4–5. Ms. Metaxas was charged with conspiracy to commit bank fraud in the Eastern District of New York. *Id.* at 10. She pled guilty to the charges and served an 18-month sentence. *Id.*

While the charges were pending, Ms. Metaxas submitted a claim for disability and termination benefits under the Plan. *Id.* at 11. After administrative proceedings spanning several years, Gateway's SERP Administrative Committee (the "Initial Claim Committee" or "Committee") denied her claim and the SERP Appeals Committee (the "Appeals Committee") (together, the "Committees") denied Ms. Metaxas's administrative appeal in 2017. *Id.* at 1, 11–12. Ms. Metaxas subsequently sued in federal court to challenge the Committees' denial of benefits.

The Court granted Ms. Metaxas's motion for summary judgment in part, and remanded the matter to the Committee for reconsideration of Ms. Metaxas's eligibility for termination benefits consistent with the Court's decision. *Id.* at 1, 40. The Court did not determine whether Ms. Metaxas was entitled to benefits or the amount of any benefits to be owed, leaving those issues to be addressed on remand. *Id.*

After the Court remanded the matter to the Committee, Ms. Metaxas moved for attorney's fees pursuant to 29 U.S.C. § 1132(g). Docket No. 96 ("MAF 1"). Because the Court found in favor of Ms. Metaxas on the claim for termination benefits and remanded to the Committee for reconsideration, it found that Ms. Metaxas had achieved some success on the merits. Docket No.

103 ("MAF 1 Order"). The Court granted her Motion for Attorney's Fees but reduced the requested amount to account only for Ms. Metaxas's limited success on the merits. *Id.* at 8–11.

On remand, the Initial Claim Committee determined that Ms. Metaxas was eligible for termination benefits under the Plan. SJ Order 2, at 3. The Committee calculated Ms. Metaxas's total SERP termination benefit to equal $9,252.95 per month. *Id.* at 5. The Appeals Committee adopted the Initial Claim Committee's reasoning and affirmed this calculation. *Id.* Unsatisfied with this amount, Ms. Metaxas challenged the SERP's calculation of her monthly benefit. *Id.* at 2.

In 2024, the Court reopened the case pursuant to Rule 60(b)(6) and granted Ms. Metaxas leave to amend to file a Supplemental Complaint to address post-remand issues. Docket No. 112. After the Court dismissed the majority of her claims in her Supplemental Complaint and First Amended Supplemental Complaint, *see* Docket Nos. 128 ("MTD Order 1"), 143 ("MTD Order 2"),[1] Ms. Metaxas's sole remaining claim concerned her termination benefits and, in particular, the Plan's calculation of her monthly benefit. MTD Order 2, at 19; SJ Order 2, at 1–2. The parties again filed cross-motions for summary judgment. Docket Nos. 158, 159.

On summary judgment, the Court concluded that that Gateway's post-remand determination reflected a reasoned interpretation of the SERP. SJ Order 2, at 8–11. The Court found Gateway's calculation to be grounded in the administrative record and within the scope of discretionary authority conferred by the SERP. *Id.* Because there was no sufficient evidence that Gateway's interpretation was based on arbitrary decision-making or self-dealing, and because Ms. Metaxas failed to show entitlement to her requested calculation, the Court granted Gateway's motion for summary judgment and denied Ms. Metaxas's opposition motion in full. *Id.* at 16.

Ms. Metaxas now moves for $569,505 in post-remand attorney's fees pursuant to 29 U.S.C. § 1132(g) and an award of prejudgment interest compounded at 10% per annum — a rate higher than that set forth in 28 U.S.C. § 1961. Docket No. 179 ("MAF 2").

[1] The Court deferred the issue of discretionary prejudgment interest because the parties had not briefed on whether Ms. Metaxas should be awarded prejudgment interest as a matter of the Court's discretion. MTD Order 2, at 8. This issue is now fully briefed and pending before the Court. Docket Nos. 179, 188, 189.

## III. LEGAL STANDARD

For ERISA actions, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1); *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 452 (9th Cir. 1980). The Supreme Court has determined that there is no requirement that fees may only be awarded to a "prevailing party" so long as the claimant has achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 244–45 (2010).

The Ninth Circuit has directed courts to consider the following factors when considering whether to grant ERISA fee awards: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1121–22 (9th Cir. 2010) (citing *Hummell*, 634 F.2d at 446).

## IV. DISCUSSION

For purposes of this Order, the Court refers to the litigation leading up to the first remand on August 26, 2022, as "Phase One." All subsequent administrative proceedings and litigation leading up to Ms. Metaxas's unsuccessful second motion for summary judgment are referred to as "Phase Two."

### A. Eligibility for Attorney's Fees

This Order concerns only Phase Two fees; the Court has already granted Ms. Metaxas's request for fees arising from Phase One. *See* MAF 1 Order.

Ms. Metaxas is ineligible for attorney's fees related to her Phase Two claims under § 1132(g). Although status as the prevailing party is not necessary, attorney's fees may only be awarded if the party has achieved "some degree of success on the merits." *Hardt*, 560 U.S. at 244–45. Ms. Metaxas has not achieved any success on the merits since the Court reopened the case pursuant to Rule 60(b)(6) and granted Ms. Metaxas leave to amend to file a Supplemental Complaint to address post-remand issues. MTD Order 1, at 15; MTD Order 2, at 19; SJ Order 2,

at 16.

Even before Ms. Metaxas's unsuccessful second motion for summary judgment, the Court granted Gateway's motion to dismiss and, with the exception of Ms. Metaxas's claim regarding the calculation of her monthly termination benefit, the Court dismissed all of Ms. Metaxas's claims in her Supplemental Complaint and First Amended Supplemental Complaint. MTD Order 1, at 15; MTD Order 2, at 19. The Court concluded that Ms. Metaxas failed to identify any term in the Plan that entitled her to the requested tax withholdings benefits and prejudgment interest, nor did Ms. Metaxas identify relevant ERISA terms that would provide such relief. MTD Order 2, at 7–8. The Court rejected Ms. Metaxas's claim for equitable relief under ERISA § 502(a)(3), finding additional monetary relief beyond the Plan benefits to be unwarranted and inconsistent with the Plan. *Id.* at 9–11. Ms. Metaxas failed to adequately state a claim for penalties under ERISA § 502(a)(1)(A) for Gateway's alleged failure to provide documents and information in violation of ERISA § 502(c). *Id.* at 11–16. She also failed to identify specific, pertinent documents under the Plan to which she was entitled to a right to examine pursuant to ERISA § 502(a)(1)(B). *Id.* at 17–18. None of these Phase Two claims achieved even "some degree of success" on the merits and are therefore ineligible for attorney's fees under § 1132(g). *See Hardt*, 560 U.S. at 245.

Following the Court's Order on Gateway's motion to dismiss, all that was left of Ms. Metaxas's Phase Two claims was her challenge concerning the calculation of her monthly benefit. SJ Order 2, at 16. On summary judgment, the Court held that the Committees did not abuse their discretion in calculating Ms. Metaxas's termination benefit. *Id.* at 9–11. The Committees' interpretation of the Plan was neither illogical nor implausible, and it is supported by the SERP's plain language and the administrative record. *Id.* Ms. Metaxas's arguments to the contrary did not raise a dispute of material fact. *Id.* at 11–16.

Because Ms. Metaxas failed to achieve any degree of success on the merits of her Phase Two claim for termination benefits, she is ineligible for attorney's fees under § 1132(g). *See Hardt*, 560 U.S. at 245; *see also Spies v. Life Ins. Co. of N. Am.*, 312 F. Supp. 3d 805, 814 n.8 (N.D. Cal. 2018) (denying attorney's fees because plaintiff failed to show some degree of success

United States District Court
Northern District of California

on the merits when summary judgment was granted in favor of defendant).

As an independent ground, Ms. Metaxas also cannot recover for attorney's fees related to the Phase Two administrative proceedings under § 1132(g). *Cann v. Carpenters' Pension Tr. Fund for N. Cal.*, 989 F.2d 313, 314 (9th Cir. 1993). Fee awards "appl[y] solely to fees incurred in the judicial proceeding; fees incurred during 'the administrative phase of the claims process' are not recoverable under § 1132(g)." *See e.g.*, *Castillo v. Metro. Life Ins. Co.*, 970 F.3d 1224, 1228 (9th Cir. 2020) (quoting *Cann*, 989 F.2d at 314); *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 987 (9th Cir. 2001); *see also* MAF 1 Order, at 10 ("'Put simply, ERISA does not allow for attorneys' fees for the administrative phase of the claims process.'" (quoting *Dishman*, 269 F.3d at 987)). Therefore, Ms. Metaxas is ineligible to recover attorney's fees incurred during administrative proceedings prior to the Court reopening the case pursuant to Rule 60(b)(6).

The Court recognizes that courts outside of this District and Circuit disagree over whether fees may be recovered for administrative work performed pursuant to a court-ordered remand. *See, e.g.*, *Duarte v. Aetna Life Ins. Co.*, 2016 WL 11505593, at *2 (C.D. Cal. Sep. 29, 2016); *Rote v. Titan Tire Corp.*, 611 F.3d 960, 965 (8th Cir. 2010). The Court need not resolve that question. The SERP termination benefits that Ms. Metaxas eventually obtained on remand were the fruit of her Phase One victory, for which she was already compensated. *See* MAF 1 Order. Her Phase Two efforts to increase the recovery were unsuccessful, so she achieved no new success on the merits in Phase Two that would support further award of fees.

Ms. Metaxas contends that the Court's award of prejudgment interest, discussed below, and Gateway's absence of objection to the imposition of prejudgment interest is itself "some further success on the merits" supporting a Phase Two fee award. Docket No. 189, at 5–6. But the prejudgment interest awarded here compensates Ms. Metaxas for the delayed payment of her termination benefits recovered as a result of the Phase One remand, and does not reflect any success achieved through her Phase Two advocacy.

"[P]laintiffs are to be compensated for attorney's fees incurred for services that contribute to the ultimate victory in the lawsuit." *Cabrales v. Cnty. of Los Angeles*, 935 F.2d 1050, 1052 (9th Cir. 1991). Plaintiffs are "not eligible to receive attorney's fees for time spent on unsuccessful

claims that are unrelated to [plaintiffs'] successful . . . claim." *Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 963 F. Supp. 2d 950, 968 (N.D. Cal. 2013) (Chen, J.) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Ms. Metaxas's "ultimate victory" was the Court's initial remand for reconsideration that concluded Phase One of the litigation, and Ms. Metaxas has already been appropriately compensated for the fees incurred in Phase One. *See* MAF 1 Order. As noted, Ms. Metaxas has not demonstrated any degree of success on the merits since initiating Phase Two of the litigation. Again, she is ineligible for Phase Two attorney's fees under § 1132(g).

Notwithstanding Ms. Metaxas's ineligibility for fees related to Phase Two of the litigation, Ms. Metaxas is eligible for a discrete amount of attorney's fees associated with her successful first motion for attorney's fees, *i.e.*, the "fees on fees." *See Barnes*, 963 F. Supp. 2d at 981. Ms. Metaxas may only recover fees for hours incurred after Ms. Metaxas filed her reply brief in support of her first motion for fees on October 12, 2022. Docket No. 100. The MAF 1 Order already compensated her for this work. The earliest-listed hours reflected in counsel's billing records were incurred on October 27, 2022. Docket Nos. 179-1, 180-1. Recoverable fees are limited to the hours Mr. Kalkin spent preparing for and appearing at the hearing on the first motion for attorney's fees, reviewing the Court's subsequent order, and communicating with Ms. Metaxas and/or opposing counsel regarding payment of the fee award.

B. Appropriateness of Attorney's Fees

Having concluded that Ms. Metaxas is ineligible under § 1132(g) for work related to her Phase Two claims and administrative proceedings, the Court need not consider the *Hummell* factors. *See Simonia*, 608 F.3d at 1121 ("Only after passing through the 'some degree of success on the merits' door is a claimant entitled to the district court's discretionary grant of fees under § 1132(g)(1).").

With respect to the fees on fees, the Court incorporates by reference its application of the *Hummell* factors as stated in its prior order on Ms. Metaxas's first motion for attorney's fees. MAF 1 Order, at 3–6. The Court thus finds an award for the fees on fees is appropriate under § 1132(g)(1). *Id.* at 6.

C. Amount of Attorney's Fees

Having previously concluded that an award of attorney's fees is only appropriate for the fees on fees, the Court next considers the proper amount of attorney's fees. *See Heat & Frost Insulators of N. Cal. Loc. Union No. 16 Health & Welfare Tr. Fund v. Rhodium Integrated Servs.*, No. 21-CV-04084-RS, 2022 WL 228304, at *2 (N.D. Cal. Jan. 26, 2022) ("After the court determines that there are no special circumstances that warrant the denial of attorneys' fees, it must assess whether the requested fees are reasonable by calculating the 'lodestar.'"). The Court may use the "lodestar" method to determine a reasonable fee award where the "lodestar" is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009); *Hensley*, 461 U.S. at 433.

The Court incorporates by reference its determination of the rate of $800 per hour for Mr. Kalkin. Regarding the 3.1 hours billed for work done related to Ms. Metaxas's first motion for attorney's fees, *see* Docket Nos. 179-1, 180-1, the Court awards the full amount billed. Accordingly, the Court awards Ms. Metaxas $2,480 in attorney's fees ($800 × 3.1).

The Court was in receipt of only redacted itemized billings, and it is unaware of any further work done outside of the 3.1 hours billed. *See* Docket Nos. 179-1, 180-1. If there are more billed hours that the Court has not accounted for, the Court grants Ms. Metaxas leave to file objections and an accompanying supplemental declaration with *unredacted* itemized billings. Any such objections must be filed within one week of this Order, and must be limited to the number of hours expended on her first motion for attorney's fees incurred beginning October 27, 2022. Ms. Metaxas's supplemental declaration must demonstrate how the hours expended relate to this discrete fees on fees issue.

D. Prejudgment Interest

Ms. Metaxas claims she is entitled to prejudgment interest at 10% per annum. MAF 2, at 15. Gateway does not object to the imposition of prejudgment interest at the federal rate pursuant to 28 U.S.C. § 1961(a). Docket No. 188, at 12. Prejudgment interest is not available as of right, and whether to award it rests within the Court's discretion. MTD Order 2, at 8. The Court exercises its discretion to award prejudgment interest here. Gateway withheld termination benefits

owed to Ms. Metaxas for more than a decade, and an award of prejudgment interest is necessary to compensate for the lost use of those funds during that period. Having determined that an award is warranted, the Court turns to the appropriate rate.

"A district court may award prejudgment interest on an award of ERISA benefits at its discretion." *Blankenship v. Liberty Life Assur. Co. of Bos.*, 486 F.3d 620, 627 (9th Cir. 2007) (citing *Dishman*, 269 F.3d at 988). However, "[p]rejudgment interest is an element of compensation, not a penalty." *Dishman*, 269 F.3d at 988. "[T]he interest rate prescribed for postjudgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate." *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1164 (9th Cir. 2001). This Court previously found that Ms. Metaxas offered no compelling reason that the equities of this case require deviation from the federal rate. MAF 1 Order, at 11. The Court concludes the same today.

Because the Court finds no substantial evidence of equities justifying the deviation from the federal rate, prejudgment interest shall accrue at the rate defined in 28 U.S.C. § 1961(a). Section 1961(a) provides that the rate of postjudgment interest is calculated "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[ ]the date of the judgment." *Id.* "Pre-judgment interest is intended to cover the lost investment potential of funds to which the plaintiff was entitled, from the time of entitlement to the date of judgment." *Nelson v. EG & G Energy Measurements Grp., Inc.*, 37 F.3d 1384, 1391 (9th Cir. 1994). Therefore, the prejudgment interest shall be calculated as though Ms. Metaxas "had invested the withheld funds at the 52–week Treasury bill rate and then reinvested the proceeds annually at the new rate." *Id.* at 1392.

The Court orders the parties to calculate prejudgment interest at the rate prescribed by 28 U.S.C. § 1961 applicable to each withheld monthly benefit payment, accruing from the date each payment was due until that payment was made and, for any amount that remains unpaid, until the date of this Order, with interest compounded annually. *See, e.g.*, *id.*; *Fleming v. Kemper Nat'l*

*Servs., Inc.*, 373 F. Supp. 2d 1000, 1013 (N.D. Cal. 2005).

## V. <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS in PART** and **DENIES in PART** Ms. Metaxas's Motion for Attorney's Fees and Prejudgment Interest.

The Court awards total attorney's fees in the amount of $2,480 (3.1 hours at $800 per hour). Ms. Metaxas is to file any objections and accompanying supplemental declaration, subject to the limitations herein, within one week of this Order.

The Court awards an amount of prejudgment interest to be determined by parties' submitted calculation. Parties are to submit a stipulation or a joint statement concerning their respective prejudgment interest calculation within 30 days of this Order.

**IT IS SO ORDERED**.

Dated: August 28, 2026

EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California